Wrona Law
Bret M. Hanna (#6885)
hanna@wdlawfirm.com
1745 Sidewinder Drive
Park City, Utah 84060
Telephone:  435-649-2525
Fax:  435-649-5959

*In association with:*

Michael K. Johnson, Esq. (#0258696)
*Pro Hac Vice to be filed*
Kenneth W. Pearson, Esq. (#016088X)
*Pro Hac Vice to be filed*
Adam J. Kress, Esq.  (#0397289)
*Pro Hac Vice to be filed*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Telephone: (612) 436-1800
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **LUCY PERKINS,**<br>333 South 2000 East<br>Spanish Fork, UT 84660<br><br>               Plaintiff,<br><br>v.<br><br>**INSTANT BRANDS, INC.,**<br>495 March Road, Suite 200,<br>Kanata, ON, Canada K2K 3G1<br><br>               Defendant. | **COMPLAINT FOR DAMAGES**<br><br>JURY TRIAL DEMANDED<br><br>Case No.: 2:21-cv-00229-JNP<br><br>Judge Jill N. Parrish |

Plaintiff, by and through her attorneys, **JOHNSON BECKER, PLLC** and **WRONA LAW**, upon information and belief, at all times hereinafter mentioned, allege as follows:

## NATURE OF THE CASE

1.     Defendant Instant Brands designs, manufactures, markets, imports, distributes and sells a wide-range of consumer kitchen products, including the subject "Instant Pot Programmable Electric Pressure Cooker," which specifically includes the Nova Plus 60 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

2.     Defendant touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3.     Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4.     Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

---

[1] *See*, e.g. Instant Pot Nova 60 Owner's manual, pg. 20. ("As a safety feature, until the float valve drops down the lid is locked and cannot be opened."). A copy of the Owner's manual is attached hereto as "Exhibit A".

5. Defendant ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

6. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF LUCY PERKINS

7. Plaintiff Lucy Perkins is a resident and citizen of the city of Spanish Fork, County of Utah, State of Utah, and was born on December 2, 1964.

8. In or around November 11, 2018, Plaintiff purchased a new Pressure Cooker, Model Nova 60.

9. On or about April 25, 2019, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the Pressure Cooker's lid being able to be rotated and opened while the Pressure Cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the Pressure Cooker and onto Plaintiff. The incident occurred as a result of the failure of the Pressure Cooker's supposed "safety mechanisms," which purport to keep the consumer safe while using the Pressure Cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the Pressure Cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT INSTANT BRANDS, INC.

10. Defendant designs, manufactures, markets, imports, distributes and sell a variety of consumer kitchen products including pressure cookers, air fryers, and blenders, amongst others.

11. Defendant boasts that "[t]he Instant Pot line of products are truly tools for a new lifestyle and especially cater to the needs of health-minded individuals"[2] with its "main goal" to provide "best kitchen experience."

12. Defendant Instant Brands is a Canadian corporation with is principal place of business at 495 March Road, Suite 200, Kanata, ON, Canada K2K 3G1, and as such is deemed to be a citizen of the Country of Canada. As such, Defendant is a resident and citizen of a foreign country.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

15. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Utah and has intentionally availed itself of the markets within Utah through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

16. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cooker at issue in this litigation.

---

[2] *See* https://instantpot.com/about-instant-brands-inc-instant-pot/ (last accessed March 28, 2021)

17. Defendant aggressively warrants, markets, advertises and sells its pressure cookers as "Convenient, Dependable and Safe,"[3] allowing consumers to cook "healthy, tasty dishes"[4] and claims that the Duo Nova is "best for beginners" with am "with upgraded lid and display".[5]

18. For instance, the Defendant claims:

"The newest addition to the most popular line of Instant Pots – the Duo Nova – makes pressure cooking even easier. Its innovative new lid design ensures ***you'll never forget to seal the steam valve again***, and makes quick steam release as easy as the push of a button. Plus you'll never wonder what's going on inside as the new status indicator keeps you informed every step of the way."[6]

19. To further propagate its message, Defendant has, and continues to utilize numerous media outlets including, but not limited to, infomercials, social media websites such as YouTube, and third-party retailers. For example, the following can be found on Defendant's YouTube webpage entitled "Getting to Know Your New Instant Pot IP-DUO":

   a. "The first thing you need to know about your IP-DUO is ***that you don't need to be afraid of it***, as many people are afraid of stovetop pressure cookers."[7]

   b. "With 10 safety features built in, you can use your Instant Pot with confidence, ***knowing that it is not going to explode***."[8]

   c. "In addition, keep in mind that your Instant Pot operates at relatively low pressures of 11 to 12 psi or lower, depending on the pressure setting that you use."[9]

---

[3] *See* https://instantpot.com/portfolio-item/lux-6-quart/#tab-id-1 (last accessed March 28, 2020).
[4] *Id.*
[5] *See* https://www.instantbrands.com/product/instant-pot/duo-nova (last accessed March 28, 2021).
[6] *See* https://instantpot.com/new-instant-pot-duo-nova-makes-it-easy-to-be-a-great-cook/ (March 28, 2021)
[7] https://www.youtube.com/watch?v=w1RKj9E8TY0 (video with a runtime of 11:26) at 0:42 – 0:46 (last accessed March 28, 2021)
[8] *Id.* at 0:47 – 0:55.
[9] *Id.* 0:56 – 1:08. This apparently suggests that even if the lid is opened while the unit is still pressurized, it will not harm you.

20. According to the Instant Brands' website, these pressure cookers purport to be designed with "10 safety mechanisms"[10] misleading the consumer into believing that the pressure cookers are reasonably safe for its normal, intended use.

21. Said "safety mechanism" purport to include the following:

   a. **Steam Release** – Releases excess pressure by venting steam through the steam release valve/handle.

   b. **Anti-Block Shield** – A stainless steel cover which prevents food particles from entering the steam release pipe, reducing the risk of blockages.

   c. **Safety Lid Lock** – <u>*When cooker is pressurized, the lid will automatically lock to prevent opening the cooker.*</u> Do not attempt to force the lid open while the cooker is pressurized.

   d. **Lid Position Detection** – <u>*If the lid is not in a safe position for pressure cooking, the cooker will not allow cooking to begin.*</u>

   e. **Automatic Temperature Control** – Regulates heating to ensure the inner pot remains within a safe temperature range, based on the program.

   f. **Overheat (Burn) Protection**…
.
   g. **Automatic Pressure Control** – Maintains working pressure levels. Suspends heating if pressure exceeds pressure level limits.

   h. **Electrical Fuse** – Cuts off power if the electrical current exceeds safety limits.

   i. **Thermal Fuse** – Cuts off power if the internal temperature exceeds safety limits.

   j. **Leaky Lid Detection** – If there is steam leakage from the lid (such as, sealing ring not installed, or steam release handle being in "Venting" and not "Sealing" position) <u>***the cooker will not pressurize***</u>. Loss of steam may cause food to burn. The cooker monitors the pre-heating time and lowers heat output if working pressure is not reached within 40 minutes.[11]

---

[10] *See* https://instantpot.com/portfolio-item/duo-nova/#safety (last accessed March 28, 2021)
[11] *See* https://instantpot.com/portfolio-item/duo-nova/#safety (last accessed March 28, 2021) (emphasis supplied)

22. The Owner's Manual also specifically states that "***As a safety feature, until the float valve drops down the lid is locked and cannot be opened***."[12]

23. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

24. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

25. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

26. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

27. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

28. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

---

[12] *See* Instant Pot Nova 60 Owner's manual, pg. 20 (emphasis supplied).

29. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers.

30. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

31. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

32. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33. At the time of Plaintiff's injuries, Defendant's Pressure Cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

34. Defendant's Pressure Cookers were in the same or substantially similar condition as when they left the possession of Defendant.

35. Plaintiff did not misuse or materially alter her Pressure Cookers.

36. The Pressure Cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

37. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the Pressure Cookers safe. Specifically:

   a. The Pressure Cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the Pressure Cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant failed to warn and place adequate warnings and instructions on the Pressure Cookers;

   e. Defendant failed to adequately test the Pressure Cookers; and

   f. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

38. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

39. Despite the fact that Defendant knew or should have known that the Plaintiff and consumers like her were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, including punitive damages, according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT II
## <u>NEGLIGENCE</u>

40. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41. Defendant has a duty of reasonable care to design, manufacture, market, and sell non-defective Pressure Cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

42. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its Pressure Cookers in that Defendant knew or should have known that said Pressure Cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

43. Defendant was negligent in the design, manufacture, advertising, warning, marketing and sale of its Pressure Cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the Pressure Cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its Pressure Cookers through television, social media, and other advertising outlets; and

   d. Were otherwise careless or negligent

44. Defendant's negligence the direct and proximate cause of the Plaintiff's injuries and damages.

45. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market (and continues to do so) its Pressure Cookers to the general public.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, including punitive damages, according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT III
## NEGLIGENT DESIGN DEFECT

46.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

47.     Defendant is the manufacturer, seller, distributor, marketer, and supplier of the subject Pressure Cookers, which was negligently designed.

48.     Defendant failed to exercise reasonable care in designing, developing, manufacturing, inspecting, testing, packaging, selling, distributing, labeling, marketing, and promoting its Pressure Cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

49.     As a result, the subject Pressure Cookers, including Plaintiff's Pressure Cooker, contain defects in their design which renders them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Defendant. The defect in the design allows consumers such as Plaintiff to open the lid while the unit remains pressurized, despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, first, second and third-degree scald burns.

50.     Plaintiff in this case used her Pressure Cooker in a reasonably foreseeable manner and did so as substantially intended by Defendant.

51.     The subject Pressure Cooker was not materially altered or modified after being manufactured by Defendant and before being used by Plaintiff.

52. The design defects allowing the lid to open while the unit was still pressurized directly rendered the Pressure Cookers defective and were the direct and proximate result of Defendant's negligence and failure to use reasonable care in designing, testing, manufacturing, and promoting the Pressure Cookers.

53. As a direct and proximate result of Defendant's negligent design of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

54. Despite the fact that Defendant knew or should have known that the Plaintiff and consumers like her were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, including punitive damages, according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT IV
## NEGLIGENT FAILURE TO WARN

55. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully herein.

56. At the time in which the Pressure Cooker was purchased, up through the time Plaintiff was injured, Defendant knew or had reason to know that its Pressure Cookers were dangerous and created an unreasonable risk of harm to consumers.

57. Defendant had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its Pressure Cookers likely to be dangerous.

58. As a direct and proximate result of Defendant's negligent failure to warn of the dangers of its Pressure Cookers, the Plaintiff in this case suffered injuries and damages described herein.

59.     Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, including punitive damages, according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

**COUNT V**
**BREACH OF EXPRESS WARRANTY**

60.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

61.     Defendant expressly warranted that its Pressure Cookers were safe and effective to members of the consuming public, including Plaintiff. Moreover, Defendant expressly warranted that the lid of the Pressure Cooker could not be removed while the unit remained pressurized. Specifically:

   a. "As a safety feature, until the float valve drops down the lid is locked and cannot be opened."[13]

62.     Members of the consuming public, including consumers such as the Plaintiff were the intended third-party beneficiaries of the warranty.

63.     Defendant marketed, promoted and sold its Pressure Cookers as a safe product, complete with "Safety Features" including, but not limited to, the following:

   a. **Primary Safety Release Valve** – will release pressure if the internal pressure **Steam Release** – Releases excess pressure by venting steam through the steam release valve/handle.

   b. **Anti-Block Shield** – A stainless steel cover which prevents food particles from entering the steam release pipe, reducing the risk of blockages.

---

[13] *Id.*

    c. **Safety Lid Lock** – <u>*When cooker is pressurized, the lid will automatically lock to prevent opening the cooker.*</u> Do not attempt to force the lid open while the cooker is pressurized.

    d. **Lid Position Detection** – <u>*If the lid is not in a safe position for pressure cooking, the cooker will not allow cooking to begin.*</u>

    e. **Automatic Temperature Control** – Regulates heating to ensure the inner pot remains within a safe temperature range, based on the program.

    f. **Overheat (Burn) Protection**…
.
    g. **Automatic Pressure Control** – Maintains working pressure levels. Suspends heating if pressure exceeds pressure level limits.

    h. **Electrical Fuse** – Cuts off power if the electrical current exceeds safety limits.

    i. **Thermal Fuse** – Cuts off power if the internal temperature exceeds safety limits.

    j. **Leaky Lid Detection** – If there is steam leakage from the lid (such as, sealing ring not installed, or steam release handle being in "Venting" and not "Sealing" position) ***the cooker will not pressurize***. Loss of steam may cause food to burn. The cooker monitors the pre-heating time and lowers heat output if working pressure is not reached within 40 minutes.[14]

64. Defendant's Pressure Cookers do not conform to these express representations because the lid can be removed using normal force while the units remain pressurized, despite the appearance the pressure has been released, making it is not safe for use by consumers.

65. Defendant breached its express warranty in one or more of the following ways:

    a. The Pressure Cookers as designed, manufactured, sold and/or supplied by the Defendant, were defectively designed and placed in to the stream of commerce by Defendant in a defective and unreasonably dangerous condition;

    b. Defendant failed to warn and/or place adequate warnings and instructions on its Pressure Cookers;

    c. Defendant failed to adequately test its Pressure Cookers; and,

---

[14] *See* https://instantpot.com/portfolio-item/duo-nova/#safety (last accessed March 28, 2021) (emphasis supplied)

d. Defendant failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from its Pressure Cookers.

66. The Plaintiff in this case purchased the Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

67. Plaintiff's injuries were the direct and proximate result of Defendant's breach of its express warranty.

68. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, including punitive damages, according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

69. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

70. Defendant manufactured, supplied, and sold its Pressure Cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

71. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

72. Defendant's Pressure Cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use.

73. The Plaintiff in this case reasonably relied on Defendant's representations that its Pressure Cookers were a quick, effective and safe means of cooking.

74. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

75. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, including punitive damages, according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## COUNT VII
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

76. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

77. At the time Defendant marketed, distributed and sold its Pressure Cookers to the Plaintiff in this case, Defendant warranted that its Pressure Cookers were merchantable and fit for the ordinary purposes for which they were intended.

78. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

79. Defendant's Pressure Cookers were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

80. Plaintiff purchased her Pressure Cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that they were safe for its intended, foreseeable use of cooking.

81. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

82. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the Pressure Cookers were still pressurized, Defendant continued to market its Pressure Cookers to the general public (and continues to do so).

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, including punitive damages, according to proof, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper.

## JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

   a. judgment for Plaintiff and against Defendant;

   b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's Pressure Cookers;

   c. pre and post judgment interest at the lawful rate;

   d. a trial by jury on all issues of the case;

    e. an award of attorneys' fees; and

    f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

                                                    Respectfully submitted,

Date:  April 15, 2021                                    */s/ Bret M. Hanna*
                                                             Bret M. Hanna
                                                             **WRONA LAW**

                                                             *In association with:*

                                                             Michael K. Johnson, Esq. (#0258696)
                                                             *Pro Hac Vice to be filed*
                                                             Kenneth W. Pearson, Esq. (#016088X)
                                                            *Pro Hac Vice to be filed*
                                                            Adam J. Kress, Esq.  (#0397289)
                                                             *Pro Hac Vice to be filed*
                                                            **JOHNSON BECKER, PLLC**
                                                            *Attorneys for Plaintiff*